E. J. SCHEER, Respondent, *v.* CONTINENTAL WONDER BAKERIES CORPORATION, Appellant, Impleaded with EDITH L. OBDYKE, Defendant.

Fourth Department, May 21, 1930.

*Chamberlain, Page & Chamberlain* [*P. Chamberlain* of counsel], for the appellant.

*Vincent J. Mulvey,* for the respondent.

CROSBY, J. Plaintiff's store window was broken and some of his goods damaged when an electric light pole was broken off and thrown against said store by a truck owned and operated by the defendant Continental Wonder Bakeries Corporation. The bakery truck was being driven at a moderate rate of speed past plaintiff's

store and close to the curb. The defendant Edith L. Obdyke, also driving at a proper speed, was in the act of passing the bakery truck on its left. Both cars were being driven in the space between the curb and a safety zone, chained off for the use of people boarding and alighting from street cars. There appears to have been room for one car safely to pass another in the space allotted to them. As the defendant Obdyke was passing the bakery truck in some manner the right rear hub cap of her car came into contact with the left front hub cap of the bakery truck, the truck was turned toward the right, struck and broke the pole, and the damage to plaintiff ensued.

There was almost no evidence from which it could be determined which driver was at fault. The jury gave a verdict in favor of plaintiff and against the bakery corporation and absolved the defendant Obdyke from liability. This result cannot be allowed to stand in view of the erroneous charge of the trial court. The error clearly appears from the following quotations from the charge: " Under ordinary circumstances in order for the plaintiff to recover in an action of this kind he must first satisfy you by a fair preponderance of the evidence that this accident was caused by the negligence of the defendants, or one of them, or either of them," etc. But the court followed this correct statement of the law, applying in " ordinary circumstances," by adding: " This action is a very peculiar one." Later on, appreciating no doubt the dearth of evidence from which to determine which defendant, if either, was guilty of negligence, the court charged this: " Gentlemen, perhaps the best method of ascertaining where the truth lies in a contradicted set of facts is to apply a test of probability." That was soon followed by this sentence: " Surely somebody is to blame for the accident." And finally, at the end of the charge, we find this: " Either the Continental Wonder Baking Company truck is solely liable or the defendant, Mrs. Obdyke, is solely liable, or both of them is [sic] liable."

In effect this charge gave the jury to understand that, in this unusual case, the usual rules of negligence were not to be applied, but that speculation might be indulged in, and that, in any case, one or the other or both the defendants must be found to have been negligent. By bringing suit against two or more defendants jointly and proving that some unidentified person in the group injured him, a plaintiff cannot call upon a court or jury to guess, for his benefit, which defendant is at fault. The jury should have been instructed that the rule in this case, as in all negligence actions, required the plaintiff to prove, by a preponderance of evidence, that there was guilt of negligence on the part of any defendant

against whom a verdict was to be rendered. The rule is not changed by the fact that there is difficulty in making the proof.

The judgment of the County Court should be reversed and a new trial ordered in the City Court, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment of County Court and judgment of Rochester City Court reversed on the law and a new trial granted in City Court, with costs in all courts to the appellant to abide the event.